IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                 CASE NO.: CR 20-20208-TLP

RICARDO BELL,

    Defendant.

**DEFENDANT'S MOTION FOR SUPRESSION OF EVIDENCE
WITH INCORPORATED MEMORANDUM IN SUPPORT**

Comes now the defendant, Ricardo Bell, by and through appointed counsel, Kafahni Nkrumah, Esq., pursuant to Rule 12(b)(3)(C) of the Federal Rules of Criminal Procedure, respectfully requesting this Court to suppress any and all physical evidence whether tangible or intangible; any and all observations of law enforcement officers; and any other tangible or intangible evidence obtained during, or as a direct or indirect result from, the warrantless search of the residence located at 3350 Harmony Woods Dr., #105, Memphis, TN 38112, in which premises the defendant had a reasonable expectation of privacy and which were entered and searched by law enforcement without a warrant on or about March 26, 2020.

**FACTS**

On the evening of March 26, 2020 officers from the Memphis Police Department responded to an alleged aggravated assault at 3350 Harmony Woods Dr., in Memphis, TN. Upon their arrival the officers were meet by Derrick Stamps who stated that Mr. Bell had pointed a pistol

at him while he was standing near his vehicle. Mr. Stamps goes on to state that he "jumped inside of his vehicle with his kids when he saw Mr. Bell pointing the weapon at him. Mr. Stamps and his girlfriend, Jeronica Horton, state that after Mr. Stamps got inside of the vehicle Mr. Bell went back into the house with the gun and closed the door. Mr. Stamps and Ms. Horton both stated that Mr. Bell came back outside, without the firearm, and when he saw the police he went back inside of the house.

After speaking to the complainant, the officers, at least three of them with other officers outside in the parking lot area close to the apartment, went to Mr. Bell's residence and knocked on the closed door. When the door was answered by Ms. Nakia Hardy, the leaseholder of the apartment, the officers asked for Ricardo and asked for him to come out. They called for Mr. Bell a couple of times before Mr. Bell came to the door. Once Mr. Bell came to the door, he was pulled out of the apartment by the officers and placed against the wall outside of the apartment and handcuffed. While Mr. Bell was out of the apartment with the officers, either the occupants of the apartment or the officers, closed the front door to the apartment. No officers at this time had entered the apartment or had been given permission by Ms. Hardy or Mr. Bell to enter the apartment. Mr. Bell was taken to a patrol car by one of the officers while the other two officers remained at the door and began knocking on the door and questioning the occupants of the residence.

Once Mr. Bell was seated inside of the vehicle, the officers returned to the residence and began asking the occupants if they saw Mr. Bell with a gun. No one admitted to seeing Mr. Bell with a firearm and the officers began searching the children's back packs and other luggage, as two of the children who were inside of the residence was trying to leave to go spend the night at a friends' home. The officers allowed the children to come outside of the residence and then asked

2

the owner of the residence if they could put the clothes from the back pack and bag on the couch, so not to soil them by putting them on the ground.  Ms. Hardy said that was okay and the officers entered the apartment and they began searching the children's bags, not finding anything.  After the search of the bags, the officers began asking Ms. Hardy whether they could search the residence.  Ms. Hardy did not agree that they could search the residence, even offering to search the residence for the officers.  After going back and forth with the officers regarding whether she is giving them permission to search her residence or not, Ms. Hardy reluctantly agreed to a search of her home.  The officer looked under the couch seat and found a firearm that is the subject of Mr. Bell's charges.  Mr. Bell was taken downtown for processing.

**MEMORANDUM OF LAW**

A. **Mr. Becton Has Standing to Contest the Search of the Residence**

A search may only be challenged under the Fourth Amendment by one who has a reasonable expectation of privacy in the place searched or the item seized. *Minnesota v. Carter,* 525 U.S. 83, 88, 119 S.Ct. 469, 142 L.Ed.2d 373 (1998) (citing *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978)); *U.S. v. Waller*, 426 F.3d 838, 843 (6th Cir. 2005). The Sixth Circuit employs a two-part inquiry for determining whether a legitimate expectation of privacy exist:

> "First, we ask whether the individual, by conduct, has exhibited an actual of privacy; that is, whether he has shown that he sought to preserve something as private…Second, we inquire whether the individual's expectation of privacy is one that society is prepared to recognize as reasonable." *U.S. v. King*, 227 F. 3d 732, 743 (6th Cir. 2000) (quoting *Bond v. United States*, 529 U.S. 334, 338 (2000).  We determine whether a legitimate expectation of privacy exists in a particular place or thing on a case by case basis.  In making this determination, we consider the person's proprietary or possessory interest in the place to be searched or item to be seized, whether the defendant has the right to exclude others from the place in question; whether he had taken normal precautions to maintain his privacy; whether

3

he has exhibited a subjective expectation that the area would remain free from governmental intrusion, and whether he was legitimately on the premises" *King*, 227 F.3d at 744; *Waller*, 426 F.3d at 844.

The Sixth Circuit has already considered the question of whether overnight guest have standing under the Fourth Amendment. In *U.S. v. Pollard*, 215 F.3d 643 (6th Cir. 2000), cert. denied, 531 U.S. 999 (2000), the court of appeals held that nearly all overnight guest, even those who are temporarily occupying a common area in the apartment not considered private from other residents, have a reasonable expectation of privacy protected by the Fourth Amendment. *Id*. at 647-48.

Mr. Bell states that he was more than an overnight guest of Ms. Hardy's, that he was residing at the residence with her at the time of this incident. Being an occupant of the residence, Mr. Bell has standing to contest the warrantless search of the residence.

**B.**    **The warrantless, by consent, search of the residence was not valid because the consent was not voluntarily given.**

The Fourth Amendment normally prohibits the warrantless search of an individual's home. *U.S. v. Haddix*, 239 F.3d 766, 767 (6th Cir. 2001). It is well settled that a person may waive his Fourth Amendment rights by consenting to a search. *U.S v. Carter*, 378 F.3d 584, 587 (6th Cir. 2004) (citing *Davis v. United States*, 328 U.S. 582, 593-94 (1946); *see also U.S. v. Hinojosa*, 606 F. 3d 875, 881 (6th Cir. 2010). It is also well settled that valid consent may be given by a third party with common authority over the premises. *See U.S. v. Matlock*, 415 U.S. 164, 171-72 (1974); *U.S. v. McCauley*, 548 F. 3d 440, 446 (6th Cir. 2008). Consent to a search only vitiates the warrant requirement if consent was voluntarily given. *Id*., *U.S. v. Aaron*, 33 Fed. Appx. 180, 183 (6th Cir. 2002) (citing *Florida v. Royer*, 460 U.S. 491, 497 (1983).

Generally, whether consent to a search was voluntarily given is a question of fact.

4

*Hinojosa*, 606 F. 3d at 881; *U.S. v. Buchanan*, 904 F. 2d 349, 355 (6th Cir. 1990).  It is the government's burden by a preponderance of the evidence, to show through 'clear and positive' testimony that valid consent was obtained. *U.S. v. Burns*, 298 F.3d 523, 541 (6th Cir. 2002) (quoting *U.S. v. Riascos-Suarez*, 73 F. 3d 616, 625 (6th Cir. 1996); *Hinojosa*, 606 F.3d at 881.  When the validity of a warrantless search is based on consent, the government must show the consent was "unequivocally, specifically, and intelligently given, uncontaminated by any duress and coercion. *U.S. v. Tillman*, 963 F.2d 137, 143 (6th Cir. 1992); *U.S. v. Aaron*, 33 Fed. Appx. 180, 183 (6th Cir. 2002).

Mr. Bell states that the consent given by Ms. Hardy, to the search of her home, was not given voluntarily and was the product of police coercion.  Ms. Hardy, before giving permission for the search of her home, is seen vacillating with the officers about searching her home.  The officers did not advise her of her right to refuse the search of her home and she and her children were threatened with arrest by the officers.  The interaction between Ms. Hardy and the Memphis police officers created a coercive atmosphere from where Ms. Hardy did not believe that she was free to refuse the search of her home.

## MISCELLANEOUS REQUESTS

Mr. Bell requests the permission of the Court to make further and other motions as the facts of the case may require.

## CONCLUSION

For all the reasons stated above, this court should GRANT Mr. Bell's motion to suppress any and all evidence seized pursuant to an unlawful warrantless search of 3350 Harmony Woods Dr., #105 a residence in which he was residing at; for an order

5

suppressing from use as evidence against the defendant in this or any other proceeding the evidence seized pursuant to the warrantless search of the residence, seizure and arrest of the defendant on November 11, 2020; or in the alternative, for a hearing pursuant to *Jackson v. Denno*, 378 U.S. 368, 376-77 (1964) and *U. S. v. Moore*, 936 F.2d 287, 289 (6th Cir. 1991), which provides that essential findings on the record are necessary to facilitate appellate review.

Respectfully submitted,<br>
DORIS RANDLE-HOLT<br>
FEDERAL DEFENDER<br>
<br>
<u>/s Kafahni Nkrumah, Esq.</u><br>
Assistant Federal Defender<br>
200 Jefferson Avenue, Suite 200<br>
Memphis, TN 38103<br>
(901) 544-3895

## CERTIFICATE OF SERVICE

I, Kafahni Nkrumah, certify that a true copy of the foregoing Motion for Suppression of Evidence was forwarded via the Court's electronic filing system to Ms. Lorraine Craig, Assistant United States Attorney, Clifford Davis Federal Office Building, Suite 800, 167 North Main Street, Memphis, Tennessee, 38103.

**THIS** the 15th day of February 2022.

<u>/s Kafahni Nkrumah, Esq.</u><br>
Assistant Federal Defender